PER CURIAM:
Claimants brought this action for vehicle damage which occurred when their 2007 Mustang struck excess gravel on State Route 38 in Tucker County. State Route 38 is a public road maintained by Respondent. The Court is of the opinion to deny this claim for the reasons more folly stated below.
The incident giving rise to this claim occurred at approximately 11:00 a.m. on June 17, 2008. At the time of the incident, Claimant Karen Elaine Nestor was driving and her daughter and two granddaughters were passengers in the vehicle. They were returning from a dental appointment in Morgantown and were traveling from Morgantown to Parsons. Ms. Nestor testified that she was traveling around a curve on State Route 38 when their vehicle struck excess gravel in the road. The vehicle lost traction, and Ms. Nestor lost control of the vehicle. Ms. Nestor veered to the right, and the vehicle crossed the highway and hit the bank before it finally came to rest in a ditch. Ms. Nestor, her daughter, and granddaughters were able to escape from the vehicle, but her daughter sustained injuries to her neck as a result of this incident.
Claimants seek to recover $ 15,807.15 as a result of this incident. Although Claimants were reimbursed for the value of their vehicle by their insurance company, they seek reimbursement in the amount of $6,912.15 for car payments made on their 2007 Mustang. Claimants’ insurance deductible was $500.00 at the time of the incident. Ms. Nestor also seeks to recover $300.00 for her lost wages. Claimants also incurred $95.00 for Court-related expenses. In addition, Claimants seek to recover $8,000.00 on behalf of her daughter that was injured.[22]
Although the weather conditions were clear on the date of this incident, Ms. Nestor testified that Tucker County had experienced heavy rains during the month of June, and the roads were washed out in many locations throughout the County. She stated that she had never seen the roads in such a state of disrepair in the 47 years that she has lived in Tucker County.
*143 The position of the Respondent is that it responded to this incident in a timely manner. Robert Byron Cooper, Highway Administrator for Respondent in Tucker County, testified that State Route 38 is a primary road in terms of its maintenance. Mr. Cooper was present at the location of the accident that evening and stated that there was excess gravel on the shoulder. He explained that the excess gravel was caused by the storms during the month of June. Due to the extensive damage sustained to the roads across Tucker County, Respondent had to maintain the US highways before it could maintain State Route 38. In addition, Respondent had to maintain some of the secondary routes that were impassible before it could clean up the excess gravel on State Route 38. Respondent’s crews were working overtime to ensure that the roads were cleaned up after the storms. Respondent is responsible for maintaining approximately 100 miles of primary roads in Tucker County and had 34 employees available at that time to perform road maintenance. According to Respondent’s DOH12s, records of its daily work activities, Respondent had maintained State Route 38 on June 4, 10, 11, and 16, 2008, and had removed the excess gravel from the roadway on June 19, 2008.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). In order to hold Respondent liable for road defects of this type, a Claimant must prove that Respondent had actual or constructive notice of the defect and a reasonable amount of time to take corrective action. Pritt v. Dep’t of Highways, 16 Ct. Cl. 8 (1985); Chapman v. Dep’t of Highways, 16 Ct. Cl. 103 (1986).
The Court is of the opinion that Respondent was not negligent in its maintenance of State Route 3 8 on the date of this incident. Due to the storms during the month of June, there were many roads in disrepair throughout Tucker County. Respondent’s crews made a good faith effort to clean up the debris from the storm and had to address the problems on the US highways and on the secondary routes that were impassible before it could maintain State Route 38. The DOH12s indicate that Respondent cleaned up the excess gravel on State Route 3 8 in a timely manner. Thus, there is insufficient evidence of negligence on the part of Respondent upon which to base an award.
Claim disallowed.

 The Court notes that Claimants’ 30-year-old daughter did not have an ownership interest in the vehicle.